ENRIQUETA RODRÍGUEZ, as mother with *patria potestas* over her minor child ERIVÁN MORALES RODRÍGUEZ, Plaintiff and Appellee, *v.* PORFIRIO MORALES ASENCIO, Defendant and Appellant.

No. 8050.   Argued November 28, 1939.—Decided December 8, 1939.

*A. Ortiz Toro* for appellant.   *Héctor González Blanes* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

The plaintiff filed a complaint before the District Court of San Juan against Porfirio Morales Asencio, whom she had divorced in October, 1937, claiming alimony for her minor child in the amount of $75 a month. At the time of filing his answer the defendant filed a motion for removal of the cause to the District Court of Mayagüez, on the grounds that this is the district where defendant has his residence and domicile and that this is a personal action. The motion

having been denied, defendant filed the present appeal, alleging that the lower court erred in refusing to order the removal. In denying the motion the court expressed itself thus:

"The court, deciding now the motion for removal, has to flatly deny all those allegations as to the jurisdiction of this court, because all are in open conflict with the provisions of the civil law. The parties who have torn asunder the marriage bonds, by a divorce decree, have their duties and obligations as to the custody and *patria potestas* over the minors fixed by law. There is no doubt that the mother, the plaintiff in this case, was awarded the custody of and *patria potestas* over the minor and as such it is she who must represent him in every lawsuit and especially this one for alimony. The complaint does not say where the marriage bonds were dissolved; but as all District Courts in Puerto Rico are competent to take cognizance of divorce cases, assuming that the suit was tried in San Juan, which is where the plaintiff lives with her child, this court has jurisdiction and is competent to hear this case. This is where the minor resides with this mother, and here in this jurisdiction he needs the alimony he is claiming. The fact that this alimony is ruled by the provisions of the Special Legal Proceedings Act for unlawful detainer suits, does not mean that, to claim alimony, a minor has necessarily to go to the district court of the district where the defendant lives, because that would imply a complete denial of the rights of the minor to claim alimony, a right clearly admitted by law. It is true that this is a personal action, but it is nontheless true that it is a duty imposed by law on the father towards the son, and the father cannot compel the child under age and under the mother's care, to live in the district where the father does live, nor to go to that district to file a suit in this kind. The cases cited by the attorney in his memorandum are not applicable, in my judgment, to this kind of actions."

In our judgment, the appellant is right. In case of a personal action like the one at bar, not included within the provisions of Section 79 of the Code of Civil Procedure, 1933 ed. the defendant has a right to ask that the trial be held in the district wherein he lives. Every defendant has the same right when he has been summoned to answer a complaint filed in a special proceeding of civil nature. See: Sections 50, 79, 81 and 82 of the Code of Civil Procedure; *Toro*

*et al.,* v. *District Court of San Juan,* 30 P.R.R. 501; *Clemente* v. *Board of Examiners,* 38 P.R.R. 810; *Mayagüez Dock & Shipping Co.* v. *Soltero,* 42 P.R.R. 368; *Manescau* v. *Usera, Municipal Judge,* 46 P.R.R. 132.

The order appealed from must be reversed and the case remanded to the lower court for further proceedings not inconsistent with this opinion.